Filed 7/10/25  P. v. Malfavon CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JASON MICHAEL MALFAVON,<br><br>　　Defendant and Appellant. | G064045<br><br>(Super. Ct. No. 00CF2652)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*　　　　\*　　　　\*

A jury convicted defendant Jason Michael Malfavon of second degree murder. He filed a resentencing petition under Penal Code section 1172.6, which the trial court dismissed.[1] On appeal, his appointed counsel filed a no-issue brief, requesting that we independently review the record for error under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We have exercised our discretion to review the record but have found no arguable issues. Thus, we affirm the court's postjudgment order.

FACTS AND PROCEDURAL HISTORY

In 2001, a jury found Malfavon guilty of one count of second degree murder (§ 187, subd. (a)), and one count of assault on a child with force likely to produce great bodily injury resulting in death (§ 273ab). Malfavon was sentenced to an indeterminate term of 25 years to life on the assault count. His sentence on the murder count was stayed.

Malfavon filed a resentencing petition under section 1172.6 in December 2023, and was later appointed counsel. The trial court dismissed his petition following a prima facie hearing. It found "[a] review of the record of conviction, including the instructions presented to the jury at trial, makes clear there was no felony murder doctrine or natural and probable consequences theory upon which the jury could have convicted [Malfavon]. [Malfavon] was determined to be the actual killer. Therefore, [Malfavon] would still be guilty of Murder under currently valid law."

Malfavon appealed. His counsel then filed a no-issue brief requesting independent review the record under *Delgadillo*. Specifically, his

---

[1] All further undesignated statutory references are to the Penal Code.

counsel asked us to review whether Malfavon was ineligible for relief under section 1172.6 as a matter of law.

In September 2024, this Court issued an order granting Malfavon 30 days to file a supplemental brief. The order stated his appeal could be dismissed if he failed to do so. Malfavon did not file a brief.

DISCUSSION

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the . . . natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition . . . Senate Bill 1437 added section 1170.95 [(now section 1172.6)], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

The trial court reviews a section 1172.6 petition to determine whether the petitioner has made a prima facie case. "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

On an appeal from a dismissal of a section 1172.6 petition, if appointed counsel finds no arguable issues to pursue, (1) counsel should file a brief stating that determination with a factual summary of the petition's denial, and (2) the court should notify the defendant of his or her right to file a supplemental brief and that the appeal may be dismissed if no such brief is filed within 30 days. (*Delgadillo, supra*, 14 Cal.5th at pp. 231–232.) If the defendant files a supplemental brief, the appellate court must evaluate the

arguments made therein and issue a written opinion. (*Id*. at p. 232.) If no supplemental brief is filed, as is the case here, the appellate court has discretion to dismiss the appeal or review the record independently. (*Ibid*.)

In the interests of justice, we have exercised our discretion to independently review the record. We find there are no arguable issues, and Malfavon is ineligible for relief under section 1172.6 as a matter of law. The record shows the jury convicted Malfavon as the actual killer and not under a natural and probable consequences or any other imputed liability theory. (See *People v. Strong, supra,* 13 Cal.5th at p. 710 ["Senate Bill 1437 relief is unavailable if the defendant was . . . the actual killer"].)

First, the jury was instructed on deliberate and premeditated murder, unpremeditated murder of the second degree, manslaughter, and involuntary manslaughter. No instructions were given that would have allowed the jury to convict Malfavon of any of these crimes based on imputed malice. Specifically, the jury was *not* instructed on the natural and probable consequences doctrine, aiding and abetting, or felony murder. Rather, based on the jury instructions given, to convict Malfavon of second degree murder the jury had to find he personally "intended unlawfully to kill a human being."

Second, the jury also convicted Malfavon of assault on a child with force likely to produce great bodily injury resulting in death. This count involved the same victim as the murder count. To convict on the assault charge, the jury had to find that Malfavon "committed an assault upon the [victim]," "[t]he assault was committed by means of force that to a reasonable person would be likely to produce great bodily injury," and "[t]he assault resulted in the death of the [victim]." Thus, to convict Malfavon of the assault count, the jury had to find Malfavon had actually engaged in the action that

4

killed the victim. In other words, Malfavon directly caused the victim's death. The victim's death was not caused by another perpetrator whose malice could then be imputed to Malfavon.

Based on the above, the record conclusively shows Malfavon was convicted as the actual killer and is ineligible for relief as a matter of law. (*People v. Strong, supra*, 13 Cal.5th at p. 710.) As such, the trial court did not err by denying Malfavon's section 1172.6 petition at the prima facie stage.

DISPOSITION

The court's postjudgment order is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


SCOTT, J.

5